THE CITY OF CHICAGO

*v.*

AMBROSE D. HAYWARD.

*Opinion filed October 24, 1898—Rehearing denied December 9, 1898.*

1. EMINENT DOMAIN—*condemnation judgment merely settles value of land to be taken.* A judgment in a condemnation proceeding to open a street merely fixes the value of the property which the city is to take, and the latter is under no obligation to pay for the property if it abandons the proceedings and leaves the street unopened.

2. SAME—*city not liable in assumpsit for the amount of condemnation judgment.* A city having abandoned the contemplated opening of a street, repealed the ordinance and dismissed the condemnation proceeding, is not liable in an action of assumpsit for the amount of the condemnation judgment.

3. SAME—*owners' remedies where city takes possession after dismissing condemnation proceeding.* After repealing an ordinance for opening a street and dismissing the condemnation proceeding the city has no right to take possession of any of the property condemned, and if it does so, the owners may bring ejectment or trespass, or proceed by motion under section 53 of article 9 of the City and Village act, as amended in 1891. (Laws of 1891, p. 80.)

4. SAME—*city can acquire property for street only by ordinance.* The statute which provides that a city may acquire private property for opening a street by the passage of a condemnation ordinance

impliedly forbids the acquiring of such property by private purchase, or in any other manner than by ordinance.

5. SAME—*ordinance for opening street by special assessment excludes idea of payment in any other way.* The adoption of an ordinance for opening a street by special assessment excludes payment therefor by general or special taxation, and, the mode of making such local improvements not being subject to judicial control, the courts can not indirectly cause the improvement to be paid for out of the general fund by entering a judgment against the city in assumpsit for the amount of the condemnation judgment.

*City of Chicago* v. *Hayward,* 60 Ill. App. 582, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

WILLIAM G. BEALE, Corporation Counsel, BYRON BOYDEN, and EDWARD B. BURLING, for appellant:

A condemnation proceeding under the City and Village act of 1872 cannot furnish ground for an action of assumpsit, as the jury verdict only settles the value of real estate which the party condemning may wish to appropriate. It does not decide who owns the land. The judgment gives no one the right to any money, but, at most, gives the party condemning the right to the land on condition that he first pays for the same. Starr & Cur. Stat. chap. 24, art. 9; *Chicago* v. *Barbian,* 80 Ill. 482; *Chicago* v. *Shepard,* 8 Ill. App. 602; *Railway Co.* v. *Teters,* 68 Ill. 144.

The law provides three remedies in cases where property condemned has been taken before the award has been paid, viz., ejectment, trespass, and under chapter 24, article 9, paragraph 169, as amended. *Railroad Co.* v. *Gates,* 120 Ill. 90; *Railroad Co.* v. *Hopkins,* 90 id. 316.

Assumpsit is not a concurrent remedy with the above remedies, and cannot be maintained on a judgment in a condemnation proceeding. The ordinance authorizing the improvement provided that the cost should be raised by special assessment, and the effect of a judgment in

this case would be to compel the payment for land taken, out of funds raised by general taxation. *People* v. *Hyde Park*, 117 Ill. 462.

Proceedings to condemn property under the Eminent Domain act are radically different from proceedings by municipalities to condemn property for a public purpose under the City and Village act of 1872. *Railway Co.* v. *Chicago*, 148 Ill. 141; *Chicago* v. *Shepard*, 8 Ill. App. 602.

CONSIDER H. WILLETT, for appellee:

The judgment being absolute, the repeal of the condemnation ordinance and the dismissal of all proceedings in court was a legislative determination by Chicago to pay for said land the amount of the condemnation judgment out of general funds. *Chicago* v. *Wheeler*, 25 Ill. 478; *Maher* v. *Chicago*, 38 id. 266; *Chicago* v. *People*, 48 id. 417.

A city being liable to pay out of special assessment funds for an improvement made, if it repeal the enabling ordinance creating such special assessment, without providing for any other special assessment, it becomes liable to pay from its general funds. *Chicago* v. *People*, 56 Ill. 327.

A condemnation judgment being absolute, becomes a vested right of the property owner, and if a city refuses to procure a special assessment to pay for it, assumpsit may be maintained upon it. *Wheeler* v. *Chicago*, 24 Ill. 105; *Chicago* v. *Wheeler*, 25 id. 478; *Chicago* v. *Palmer*, 93 id. 125; *Bloomington* v. *Brokaw*, 77 id. 194; *United States* v. *Great Falls Manf. Co.* 112 U. S. 645; *Battles* v. *Braintree*, 14 Vt. 348; Randolph on Eminent Domain, sec. 377; *Stafford* v. *Albany*, 6 Johns. 1; 7 id. 541; *Chicago* v. *Smythe*, 33 Ill. App. 28.

Where special assessment proceedings are pending to pay for property taken, if a reasonable time has elapsed in which to collect, yet the city fails to do so, an action will lie. *Wheeler* v. *Chicago*, 24 Ill. 105; *Chicago* v. *Wheeler*, 25 id. 478; *Bank* v. *Portland*, 24 Ore. 188; *Reilly* v. *Albany*, 112 N.Y. 30; *Sage* v. *Brooklyn*, 89 id. 189; *McCormack* v. *Brooklyn*, 108 id. 49.

A condemnation judgment draws interest after the condemning party takes possession of the land and uses it for the purpose for which it was condemned.  *Cook* v. *South Park Comrs.* 61 Ill. 115; *Phillips* v. *South Park Comrs.* 119 id. 626; *Railroad Co.* v. *McClintock*, 68 id. 296; *Chicago* v. *Wheeler*, 25 id. 478.

The grading and paving of the land which the city declared by ordinance to be a public street, and the acquiescence of the owner of such land, are acts which make such land a public highway.  *Marcy* v. *Taylor*, 19 Ill. 634; *Rees* v. *Chicago*, 38 id. 322; *Smith* v. *Flora*, 64 id. 93; *Davidson* v. *Reed*, 111 id. 167.

When a municipal corporation takes possession of land, making public use of it, the title passes by mere operation of law without any conveyance, and such transfer is not within the Statute of Frauds.  *Tamm* v. *Kellogg*, 49 Mo. 118.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is assumpsit, commenced January 31, 1895, to recover from the city of Chicago an award of judgment in a condemnation proceeding entered on the 13th day of November, 1893. The condemnation proceedings were instituted by the city of Chicago for the purpose of opening Carpenter street between Fifty-first and Fifty-third streets, and the ordinance provided that the costs should be paid by a special assessment on the property benefited thereby. A petition for condemnation was filed in the circuit court of Cook county, and on hearing a finding was had as to the compensation to be awarded, and judgment entered thereon for $1080. Supplementary proceedings were had, commissioners were appointed who spread the assessment, and the assessment roll was filed. Subsequently, on December 3, 1894, an ordinance was adopted repealing the ordinance which proposed to open Carpenter street, and on December 26, 1894, an order was entered

in the circuit court dismissing all proceedings in the condemnation case.    On this action brought in the circuit court of Cook county in assumpsit to recover the amount of that award, a judgment was entered in favor of the plaintiff, and on appeal by the city to the Appellate Court for the First District that judgment was affirmed.    This appeal is prosecuted.

A judgment in a condemnation proceeding finding the compensation to be awarded to the land or lot owner, gives the corporation condemning, the right to the land on condition that it first pays for the same.    The verdict and judgment only settle the value of the real estate which the party condemning seeks to appropriate.    Under such condemnation proceedings the city is under no legal obligation to pay·any money whatever, unless it chooses to do so.    The proceeding merely fixes the amount to be paid before the property can be lawfully taken. The city has a right to abandon the improvement.    *City of Chicago* v. *Barbian*, 80 Ill. 482; *St. Louis and Southeastern Railway Co.* v. *Teters*, 68 id. 144; *City of Bloomington* v. *Miller*, 84 id. 621; *Glennon* v. *Chicago, Milwaukee and St. Paul Railway Co.* 79 id. 501; *Chicago and Northwestern Railway Co.* v. *City of Chicago*, 148 id. 141; *Village of Hyde Park* v. *Dunham*, 85 id. 569.

The city has a right to abandon the proceedings for condemnation, and when it does so it will not be liable for the amount of the judgment in an action of assumpsit. In this case the ordinance authorizing the improvement provided that the cost thereof should be raised by special assessment.    If an action of assumpsit could be maintained on that judgment against the city, then the latter could be compelled to pay for the land out of the funds raised by general taxation. .The mode of making local improvements, as opening streets and the like, is a matter of discretion with the municipal authorities, and is not subject to judicial control.    Payments may be made in any mode provided,. and may be out of general funds,

by special taxation or by special assessment, and the adoption of either mode by an ordinance of the city excludes the idea of payment in any other manner. (*People ex rel.* v. *Village of Hyde Park*, 117 Ill. 462.) The act provides the manner in which the municipality may acquire lands for the purposes of a street, and that must be by the adoption of an ordinance. It cannot acquire lands for such purpose by private purchase, as such a practice would lead to favoritism and corruption. Where the statute provides a specific manner of acquiring property for such purpose, by a familiar rule of construction it impliedly forbids its being done in any other manner. *Chicago and Northwestern Railway Co.* v. *City of Chicago, supra.*

The city had the right to acquire land for a street only by the passage of an ordinance and the condemnation proceedings, and had a right to abandon the same without paying the land owner the amount awarded by the verdict. That was done here by the repealing ordinance passed December 3, 1894, which was followed by the order dismissing the proceedings in the condemnation case. By such action by the city there existed no right on its part to take possession of any land by virtue of the condemnation or retain the possession thereof, and if it took or acquired possession by reason thereof, the remedy by the land owner would be ejectment, trespass, or by proceedings under paragraph 169 of the City and Village act. (*Chicago and Iowa Railroad Co.* v. *Hopkins*, 90 Ill. 316; *Chicago, St. Louis and Western Railroad Co.* v. *Gates*, 120 id. 86.) In the latter case it was held that the corporation condemning had no right to the property until damages for the taking had been assessed and paid, and if it went into possession it was a trespasser, and the land owner had a right to bring ejectment or trespass, or both, and recover his property and such damages as he may have sustained by the unlawful act; that the proceedings might be dismissed even after taking possession, as such possession was that of a mere trespasser;

that there was no vested right in the land owner that the proceeding for condemnation should be carried out.

Paragraph 169 of the City and Village act, (Starr & Curtis, 1896, p. 779,) after authorizing proceedings by condemnation, provides: "If, however, the court finds that such city or village has taken possession of the land and has not paid therefor, it shall enter an order requiring such city or village to pay the amount of the condemnation judgment, with interest from the time of such taking, within a short day to be fixed by the court, and in default thereof to dismiss the proceedings and enter a several judgment in favor of such land owners for interest from the day of such taking, and direct the issue of a writ of possession in favor of the several owners, or their legal representatives or grantees, respectively; and such dismissal, as aforesaid, shall operate as a bar to further proceedings under such ordinance against the land affected by such dismissal; and every such cause shall be considered as pending in the court in which the same has been or shall be commenced, until all the lands sought to be taken are paid for, or until the proceedings are dismissed where the lands have not been taken." By this statute the cause is considered as pending for the purpose of giving an aggrieved party complete relief, and it provides a summary remedy for cases where cities have taken possession of land and not paid therefor. The city cannot, by a mere repeal of an ordinance providing for opening a street in pursuance of law, defeat the manner of obtaining lands for a street prescribed by the statute, and change the manner in which compensation shall be made and create a liability against the city subjecting it to an action *ex contractu,* hence assumpsit will not lie.

The judgment of the Appellate Court for the First District and the judgment of the circuit court of Cook county are each reversed and the cause remanded.

*Reversed and remanded.*