## J. IRVING PEARCE

### *v.*

## THE CITY OF CHICAGO.

*Opinion filed October 24, 1898.*

1. EMINENT DOMAIN—*dismissal of condemnation proceedings is, in effect, an abandonment.* The dismissal of condemnation proceedings by the court, at the instance of the owner of property condemned for a street, has the same effect as an abandonment thereof by the city, and the latter need not pay the amount awarded.

2. SAME—*constructing sewer does not render city liable for condemnation award for opening street.* The construction of a sewer by a city through premises condemned for opening a street, without paying the condemnation award, does not render the city liable for the amount allowed as the value of the property taken for the opening of the street, upon the subsequent dismissal of the condemnation proceedings for failure to pay the award.

3. SAME—*owner obtaining dismissal of proceedings is not entitled to amount deposited with court.* The owner of property condemned for a street who obtains a dismissal of the condemnation proceedings after the city has deposited a sum with the court equal to the difference between the award and the special benefits assessed against the property, is not entitled to such deposit, his ownership of the property remaining unaffected by the proceedings.

*Pearce v. City of Chicago,* 67 Ill. App. 671, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

MANN, HAYES & MILLER, for appellant.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On the 12th of June, 1891, condemnation proceedings were commenced by the city of Chicago for the purpose of acquiring certain lands belonging to appellant, for

opening a street. Appellant contested the prayer of the petition. On hearing in the superior court of Cook county an award was made for the sum of $20,000 as compensation, and judgment was entered therefor. Supplementary proceedings for the purpose of paying the damages by special assessment were commenced, commissioners were appointed who spread the assessment, an assessment roll was filed and judgment entered. On May 17, 1895, a petition was filed by the city of Chicago in the same proceedings, in which it was alleged that it desired to take immediate possession of appellant's premises condemned, and in that petition it was recited that the sum of $4500 was the damages assessed to appellant over and above the amount of the special assessment upon his land as benefits, and being the full amount due the owner, and it asked to pay the sum of $4500 into court. Upon that petition that amount was paid into court, to be paid to the owner upon proof of title and upon the order of the court. On May 27, 1895, the appellant, who had no notice of the proceeding to obtain possession and of the payment of the money into court at the time of filing that petition, entered his motion to set aside the order allowing the payment into court and authorizing the taking possession of the premises, which motion was supported by an affidavit alleging the award had not been paid, and that appellant had, on April 12, 1895, filed a bill to restrain the South Chicago City Railway Company from taking possession of the land, and showing that the city had issued its voucher for $15,000, being the amount assessed in the supplementary proceedings. By this motion appellant sought to set aside the order allowing the payment into court of $4500 and the order authorizing possession of the land to be taken. This motion was allowed, and the order authorizing the city to take possession of the premises condemned was set aside and the proceedings ordered to stand as if that order had never been entered. The city entered upon said premises without

objection by appellant, and constructed a sewer which is now in use.

On June 7, 1895, the appellant entered his motion that the city of Chicago should, within ten days, pay the amount of the award, $20,000, or in default of such payment all the proceedings therein should be dismissed. The appellee entered a cross-motion setting up the condemnation proceedings, the spreading of the assessment, the judgment of confirmation on the assessment, the issuing of vouchers to the amount of the assessment, to be paid when collected, and the deposit of the money, and claimed that by such proceedings it was entitled to the possession of the premises, and asked that an order be made for the appellee to take and hold possession of the premises condemned. The motion and cross-motion were heard together, and it was ordered and adjudged that the city had not paid the amount of the condemnation award, and the condemnation proceedings were ordered to be dismissed. This order was entered under paragraph 169 of the City and Village act, (Starr & Curtis, 1896, p. 779,) which authorized the entry of such judgment under the facts alleged.

The appellant, on July 26, 1895, filed his petition in the proceedings, setting forth the contract for the construction of a sewer on the premises, and alleging the fact of the payment of the sum of $4500 into court, which had been paid after proceedings for condemnation and before the order of dismissal of those proceedings, and prayed the court for an order for the payment of the sum of $4500 to him. The city filed its cross-petition, setting forth the facts and the entry of the order of dismissal on appellant's motion, and asked the court for an order on the clerk to re-pay the money deposited with him, to the city. These motions coming on to be heard, and the court finding that the condemnation proceedings had been dismissed on appellant's motion because of the failure of the city to pay the award, it was ordered that the

clerk should pay over to the city the sum of $4500 deposited with him under the former proceedings. From that order the appellant prosecuted an appeal to the Appellate Court for the First District, where the judgment was affirmed. He now prosecutes this appeal.

By paragraph 169 of the City and Village act, if the court finds that the city or village has taken possession of the land and has not paid therefor, an order may be entered requiring payment to be made within a short day to be fixed, and in default thereof the proceedings are to be dismissed. By the order entered herein under that statute the condemnation proceedings were dismissed, so that the city was deprived of all interest in the premises under the condemnation award, and the proceedings stood as if no judgment had ever been entered. That statute authorizes and requires the case to be continued for the express purpose of such orders as here entered. On failing to pay the amount awarded under the judgment of the court, as made under that section of the statute, the proceedings were dismissed, which amounted to an abandonment by the city of the proceedings for condemnation. Where such proceedings are abandoned by a city it is not liable for the amount awarded to the land owner in condemnation judgment. (*City of Chicago* v. *Hayward,* (*ante,* p. 130,) and authorities cited.) After the dismissal of the proceedings the city cannot be compelled to pay the amount of the judgment, and the effect of the order is the same with reference to the liability of the city as if the judgment had never been entered or as if the city had abandoned the attempt to open the street. It does not appear in this record that the city took possession for the purposes of a street, but it does appear that it constructed a sewer thereon. It had no right to acquire possession for any purpose except by condemnation proceedings, and would not be liable to an amount found as the value of the premises for purposes of a street because it had constructed a sewer along the line of the

proposed street without paying the award.    It acquired no title to the premises because of the dismissal of the proceedings on appellant's motion.    Appellant has a full and complete remedy to recover the possession, but would not be entitled to the sum deposited, which was deposited as part payment of the award.

The judgment of the Appellate Court for the First District is affirmed.                                  *Judgment affirmed.* ·