(No. 12118.—Reversed and remanded.)

WM. S. CORBIN, Appellant, *vs.* THE BALTIMORE AND OHIO CHICAGO TERMINAL RAILROAD COMPANY, Appellee.

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

1. PLATS—*acknowledgment and recording of statutory plat vests fee of streets and alleys in city.* The acknowledgment and recording of a statutory plat operates to convey the title to the streets and alleys shown thereon to the city, and the fee thereof will remain in the city until the dedication is vacated in the manner provided by statute.

2. SAME—*statutory method of vacation does not apply to common law plat.* The statutory method of vacating a dedication does not apply to a common law dedication, and lot owners who follow the statute in executing a vacation piece with reference to streets or alleys shown on a plat thereby recognize the plat as a statutory one.

3. SAME—*certificate to plat overcomes presumption of delivery of a deed of previous date.* The fact that the owner of a platted tract, before acknowledging and certifying the plat, had made and acknowledged a deed, which was, however, not recorded until after

the plat was acknowledged and certified, does not show that such owner had parted with his title, as the recital of the certificate that he is the owner of the land overcomes the presumption that his previous deed was delivered on the date shown therein.

4. SAME—*when plat contains a sufficiently known and permanent monument.* A plat on which are shown the exact location of the section line of the section in which the land is situated and the exact point where it is crossed by the quarter section line, with the distance in feet from such lines to two sides of the plat, contains a sufficiently known and permanent monument to comply with the statute, as the courts will take judicial notice that at all government section corners permanent monuments exist.

5. DEEDS—*quit-claim deed does not pass after-acquired title.* A quit-claim deed made by the former owner of a platted tract at a time when the fee of the streets and alleys is in the city has no effect as to such streets and alleys and does not pass a title thereto subsequently acquired by him by reversion when the streets and alleys are vacated under the statute, and neither he nor his subsequent grantee is estopped to assert such title.

APPEAL from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

ENOCH J. PRICE, for appellant.

HENRY D. SHEEAN, for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Appellant, William S. Corbin, brought suit in ejectment in the superior court of Cook county to recover possession of a strip of land sixteen feet wide north of and adjoining vacated lots 10 to 16, inclusive, in block 6, of D. S. Place's addition to the city of Chicago, said strip lying south of and adjoining the railroad right of way, bounded on the east by the east line of vacated lot 10 extended in said block 6, and on the west by the west line extended of vacated lot 16 in said block. The declaration was the statutory form in ejectment, claiming title in fee in appellant. Appellee filed only the plea of the general issue. Appellant filed an affidavit of

common source of title, setting up that both appellant and appellee claimed title under George F. Stodder, the common source of title. The court heard the evidence without a jury and gave judgment for appellee, and this appeal followed.

Appellant traced his title from George F. Stodder by. introducing in evidence (1) a warranty deed from George A. Stover, dated April 3, 1890, recorded April 4, 1890, to Stodder; (2) a plat of a subdivision known as D. S. Place's Third addition to the city of Chicago, platted by Stodder, acknowledged by him April 5, 1890, and recorded April 11, 1890; (3) a quit-claim deed by Stodder and wife to Samuel Kerr, dated April 3, 1890, acknowledged April 4, 1890, and recorded June 21, 1890; (4) a vacation piece made by Helen R. Kimball, the Heppes Company and the Baltimore and Ohio Chicago Terminal Railroad Company as owners, vacating all lots in blocks 1 and 6 of D. S. Place's addition to the city of Chicago, and also two certain sixteen-foot strips for alleys north of and adjoining said blocks 1 and 6, dated November 14, 1913, acknowledged, respectively, by said owners November 17, 1913, November 14, 1913, and November 22, 1913, and recorded November 22, 1914; (5) a quit-claim deed from Stodder and wife to William S. Corbin, dated November 29, 1913, and recorded December 2, 1913, conveying said strip; (6) a quit-claim deed from Samuel Kerr to said strip to Corbin, dated November 28, 1913, and recorded December 2, 1913. For the purpose of showing a judicial construction of the plat of D. S. Place's Third addition to the city of Chicago, and other matters decided, appellant offered in evidence the bills and decrees in the cases of Helen R. Kimball and the Heppes Company *vs.* the City of Chicago, and the Baltimore and Ohio Chicago Terminal Railroad Company and the Heppes Company *vs.* the City of Chicago, Helen R. Kimball and the Baltimore and Ohio Chicago Terminal Railroad Company, decided in the superior court of Cook county and which were reviewed by this court. (*Kimball* v. *City of Chicago*, 253

Ill. 105; *Heppes Co.* v. *City of Chicago,* 260 id. 506.) He
also introduced oral testimony that certain of the streets in
said addition were opened and used contemporaneously with
the making of the plat, for the purpose of showing that
the fee to the streets and alleys passed at once to the city
of Chicago and there remained until the vacation piece was
executed, in 1913.

Appellee offered in evidence a deed from Samuel Kerr
and wife to John C. Schumacher to all the lots in said ad-
dition fronting on the strip in question and of other lots
in said addition, dated August 14, 1890, and recorded Oc-
tober 15, 1890, for the purpose of showing that the title of
Kerr to those lots passed out of him long before his deed
to appellant. It also offered in evidence two quit-claim
deeds to the strip or part of the alley in question from Wil-
liam S. Corbin and wife to the Baltimore and Ohio Chicago
Terminal Railroad Company, dated, respectively, October 1,
1910, and February 4, 1912, acknowledged October 1, 1910,
and February 14, 1912, and recorded.

Appellant's contention is that the decision of this court
in the cases of *Kimball* v. *City of Chicago, supra,* and *Hep-
pes Co.* v. *City of Chicago, supra,* relating to the same plat
in question in this suit, and to which cases appellant's prede-
cessor in title (the city of Chicago) and the appellee were
parties, are binding on both parties in the instant case as
*res judicata;* that said plat is a statutory plat, under which
the fee to the land in question passed to the city of Chi-
cago and remained there until the making and recording
of the vacation piece, November 22, 1913, at which time
it reverted to Stodder (the party platting the subdivision)
or to his grantee, Kerr, and that the deeds from Stodder
and Kerr transferred that fee to appellant, giving him the
right to recover possession thereof by judgment. Appel-
lee's contention is that said plat was a common law plat;
that the fee to this strip of land remained in Stodder, the
subdivider, and passed by his deed to Kerr and from Kerr

to Schumacher, and therefore the fee never passed to appellant. Appellee further contends that the decrees offered in evidence are not binding on it in this case under the doctrine of *res judicata,* and that that doctrine has no application as between it and appellant, who was not a party to either of those decrees.

On March 28, 1890, Sylvester M. Howard, a surveyor, surveyed the land covered by the subdivision and subdivided the same into lots, blocks, streets and alleys, all of which survey was correctly represented by the plat drawn above his certificate. The map or plat is entitled "D. S. Place's Third addition to Chicago, being a subdivision of the east half of the southwest quarter of section 15, town 39, north, range 13, east of third P. M., lying south of the right of way of the Chicago Great Western R. R., except the west 33 feet of said land." On April 5, 1890, George F. Stodder acknowledged before a notary public that he was the owner of the tract of land shown on the plat and that the subdivision thereof represented by the plat was his own free act and deed, and this acknowledgment appears upon the margin of the plat itself. Under his acknowledgment it further appears that the survey was approved on April 9, 1890, by H. J. Jones, "Examiner of subdivisions." It further appears from the certificate of the recorder indorsed upon the sheet containing the plat that it was recorded at four o'clock P. M. of April 11, 1890. There is no pretension upon the part of appellee that the plat and the survey were not approved and accepted by the city of Chicago, and the record shows clearly that the dedication of the streets and alleys marked upon the plat was accepted by the city, and that the principal parts of the streets were improved and recognized by the city as its streets and alleys contemporaneously with the platting of the subdivision. The plat conformed in every way to the statute in the particulars just named and is therefore a statutory plat. The acknowledging and recording of the same in conformity with the

provisions of the statute, as aforesaid, operated effectually as a deed to convey the title to the streets and alleys therein mentioned to the city of Chicago, and that title remained in the city, as to the strip or part of the alley in question, until it was vacated by the execution of the vacation piece, on November 14, 1913, and which was introduced in evidence by appellant. (*Woollacott* v. *City of Chicago,* 187 Ill. 504.) By its act of executing and acknowledging the vacation piece appellee recognized and treated the plat and addition as a statutory plat. The strip or part of the alley in question could not be thus vacated and the alley no longer remain an alley of the city of Chicago by the execution of the vacation piece unless the plat of the subdivision was one made and acknowledged according to the provisions of the statute. The statutory provision for vacating a dedication is not applicable to a common law dedication. *Clark* v. *McCormick,* 174 Ill. 164.

There are only three grounds advanced by appellee for its contention that the plat in question was not a statutory plat and that there was only a common law dedication by the execution and recording of the same. The first ground is that the plat was not acknowledged by Stodder and recorded before he conveyed the lands composing the subdivision to Kerr. There is no proof in this case upon which to base that contention. The mere signing and sealing of a deed by a party has no effect to pass the title to the land therein described until the deed is delivered to the grantee. While the deed to Kerr was dated before Stodder acknowledged the plat in question, yet Stodder certified at the time he acknowledged the same that he was the owner of the land. This signed statement or certificate by Stodder was sufficient evidence, in itself, to overcome the presumption that his deed to Kerr was delivered on the date the deed bears date. This was so held in *Kimball* v. *City of Chicago, supra,* and is conclusive of this question, as the deed was only recorded June 21, after the plat was acknowledged

and recorded. The second ground is that a statutory plat must have some monument shown upon it from which measurements may be taken, and that the plat in question shows no such monument. The third ground is that the plat in question does not show the strip in question to have been an alley or part of an alley. The third ground of contention was answered by this court in the case of *Kimball* v. *City of Chicago, supra,* where we expressly held that the strip in question was designated on the plat as an alley. As to the second ground of appellee's contention we hold that the plat shows a clear compliance with the statute. The provision of section 1 of the statute on plats is: "Reference shall also be made upon the plat to some known and permanent monument from which future surveys may be made, or, if no such monuments shall exist within convenient distance, the surveyor shall, at the time of making his survey, plant, and fix in such manner that the same shall not be moved by frost, at the corner of some public ground, or * * * at the corner of some lot or block most convenient for reference, a good and sufficient stone, * * * and designate upon the plat the point where the same may be found." (Hurd's Stat. 1917, p. 2225.)

The plat in question contains an exact location of the south line of the section in which the land platted is situated. It also shows definitely the exact point where the east line of the southwest quarter of the section crosses the section line, which is a quarter section line. The section line and quarter section line are shown to be thirty-three feet, respectively, from the south and east lines of the plat, and the exact location of every street and alley and every lot in said addition with reference to the quarter section corner and with reference to the section line and quarter section line is shown by the plat, as well as the distance from any lot line and from any street or alley line on the plat to the quarter section line or section line or quarter section corner. We may take judicial notice of the fact that at

all government section corners permanent monuments exist, and that from said section corners the quarter section corners and all other points on the section lines and quarter section lines may be definitely and exactly located. Every lot and lot line and corner and every alley or street line can be definitely located on the plat in question by surveys and measurements from any section corner of said section or from the intersection of the south line of said section and the east line of the southwest quarter thereof. There was no necessity, under this showing, for the surveyor to plant or fix any stone as a monument from which the measurements aforesaid could be made. The object of the provision of the statute above quoted was to make it possible to know and to locate to a certainty the entire plat and all parts thereof, so that the dedication or conveyance to the city should not only be definitely known but capable of exact location.

The vacation piece made, acknowledged and recorded by Helen R. Kimball, the Heppes Company and appellee, as owners, of all the lots in blocks 1 and 6 in said addition, in November, 1913, was shown to have been made, acknowledged and recorded. in accordance with the provisions of the statute, and this is not denied or controverted by appellee. The parties to this instrument followed exactly the mode indicated by the holding of this court in *Heppes Co. v. City of Chicago, supra,* in effecting the vacation of the strip or alley in question, and by that instrument for the first time divested the title of the city to that strip and re-invested title thereto in Stodder, the owner who platted the subdivision. The quit-claim deed from Stodder and wife to Samuel Kerr, dated April 3, 1890, transferred no title to Kerr, as the fee title at the time it was delivered and recorded was in the city of Chicago. The quit-claim deed from Stodder and wife to appellant, dated November 29, 1913, was effective to transfer the title to appellant, as it was made after Stodder had been re-invested with the

title by the vacation piece aforesaid. Appellant is therefore shown by the record to have successfully traced the legal title from Stodder, the common source of title, to himself, and to have been the legal owner of the strip in question when his declaration was filed in this case, and to be entitled to judgment accordingly. Appellee showed no legal title in it to the strip in question, and also failed to show any right to a judgment in this case as against appellant. The two quit-claim deeds of appellant to appellee, dated, respectively, October 1, 1910, and February 4, 1912, were not effective to transfer any title whatever to appellee, as appellant at those times had no title or right whatever to the strip in question, and appellant was not estopped by the making of those deeds to assert his title thereto which he afterwards acquired. Only such title will pass by a quit-claim deed as the grantor possesses at the time he executed it, and he is not estopped by such a deed from asserting any after-acquired title.' (Devlin on Deeds, 2398.)

Appellee makes the claim that the deed to Kerr from Stodder contained covenants of assurance, etc., and that Kerr's deed to Schumacher contained like covenants, and that by reason of the covenants in those deeds the after-acquired title of Stodder was transferred to Kerr and by Kerr to Schumacher. The record discloses, as a matter of fact, that Stodder's deed to Kerr was a simple quit-claim deed, without any covenants as to after-acquired title, and therefore appellee's argument must fall.

In view of our conclusion already reached it will not be necessary to pass upon the other questions raised in the briefs.

The judgment of the superior court is reversed and the cause is remanded.    *Reversed and remanded.*