## THE VILLAGE OF HYDE PARK

*v.*

### NATHAN CORWITH.

*Filed at Springfield May 12, 1887.*

1. REMEDY—*to recover on judgment of condemnation.*  Where an ordinance for the condemnation of land by a village for a street, provides that the entire cost of the proposed improvement shall be paid by special assessments, so long as such ordinance remains in force it excludes every other

mode of payment, and an action of debt will not lie on the judgment of condemnation against the village, although it may have taken possession of the land condemned. Such judgment can be paid, if at all, only by special assessments.

2. RES JUDICATA—*by decision of this court.* A decision by this court, that *mandamus* will not lie to compel a village to pay a judgment of con- demnation of land for a street out of a fund to be raised by a general tax, and that the ordinance under which the condemnation was had is still in force and not repealed, becomes *res judicata* as to such matters, and an action of debt by which it is sought to recover a judgment for the compen- sation awarded, seeking the same end, can not be sustained.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. HENRY V. FREEMAN, for the appellant:

The special remedy or method of paying for the improve- ment provided for in the ordinance, namely, by special assess- ments, is conclusive. *People* v. *Village of Hyde Park,* 117 Ill. 462; *Village of Hyde Park* v. *Thatcher,* 13 Bradw. 613; *Smith* v. *Tripp,* 14 R. I. 112.

To compel a municipal corporation to do an act, the party applying must show a clear right to have the thing done, and that the village has the power to do it in the manner sought. 1 Dillon on Mun. Corp. sec. 89; *People* v. *Crotty,* 93 Ill. 180; *People* v. *Hatch,* 33 id. 9; *Commissioners* v. *People,* 66 id. 339.

A liability to be sued in debt implies a liability to pay a judgment so obtained, and to pay such judgment a general tax must be levied. A tax to pay for an improvement to be paid by special assessment will be illegal.

The evidence fails to show such negligence on the part of the village to levy the special assessments, as will entitle the plaintiff to this action.

Appellee has never requested the village to proceed with the special assessment, and hence this action will not lie for the same reason which forbids *mandamus.*

·A party can not maintain an action at common law, when he fails to resort to the remedy given him by statute.   Pierce on Railroads, (ed. of 1881,) 1-178.

The evidence fails to show that the village has ever taken possession of the premises with the owner's consent.   Taking possession without his consent is a trespass, and does not divert title.   Dillon on Mun. Corp. sec. 479, note; *Stewart* v. *Baltimore,* 7 Md. 500; *Chicago* v. *Barbian,* 80 Ill. 415.

Mr. CONSIDER H. WILLETT, for the appellee:

The remedy by special assessment, when created, was exclusive.   Pierce on Railroads, 177; 2 Woods on Railroads, sec. 245; 67 Ill. 191.

As to the following points possession is the controlling point:

If the ordinance was repealed after possession taken, the judgment became absolute,—the power to proceed by special assessment was gone.   *Chicago* v. *Beaubien,* 80 Ill. 482; *Corwith* v. *Hyde Park,* 14 Bradw. 635.

If the ordinance was not repealed, the village alone could enforce the remedy by special assessment.   If it neglects to proceed in the matter within a reasonable time, this will give the land owner a common law right of action.   *Smith* v. *Railroad Co.* 67 Ill. 191; *Corwith* v. *Hyde Park, supra; Higgins* v. *Chicago,* 18 Ill. 272; *Wheeler* v. *Chicago,* 24 id. 105; *Bradford* v. *Chicago,* 25 id. 349; *Glencoe* v. *People,* 78 id. 382; *Beveridge* v. *West Park Commissioners,* 100 id. 75.

What is a reasonable time when the facts are not in dispute is a question of law.   *Blackwell* v. *Foster,* 1 Metc. 88.

Abandonment is a matter of intention, and operates instanter.   *Drury* v. *Ross,* 5 Col. 300.

Whenever conditional judgment has become absolute, by taking possession, debt may be maintained, first, if unreasonable delay exists in enforcing the special assessment; second, if it be abandoned; or, third, if the enabling ordinance is repealed.   *Chicago* v. *Shepherd,* 8 Bradw. 602; *Chicago* v. *Beau-*

*bien,* 80 Ill. 482; *Chicago* v. *Palmer,* 93 id. 125; *Corwith* v.
*Hyde Park,* 14 Bradw. 635; *Railroad Co.* v. *Teters,* 68 Ill. 144;
*Wheeler* v. *Chicago,* 24 id. 105; *Clayburgh* v. *Chicago,* 25 id.
440; *Wilkerson* v. *Buchanan County,* 12 Mo. 328; *Harrington*
v. *Berkshire,* 19 Pick. 263; *Forrestville* v. *Boston,* 121 Mass.
173; *State* v. *Sap,* 17 Wis. 687.

Cases in which the facts are on all fours with ours, in which
relief was granted by a common law remedy: *LaFayette* v.
*Shultz,* 44 Ind. 97; *Fisk* v. *Newark,* 40 N. J. 11; *Schoolbred*
v. *Charleston,* 2 Bay, (S. C.) 63; *People* v. *Syracuse,* 78 N. Y.
56; *Iowa* v. *Keokuk,* 9 Iowa, 438.

Besides the face of the judgment (no costs were recovered)
we are entitled to interest at six per cent since the village took
possession of the land under the judgment for a street. *Cook*
v. *South Park Commissioners,* 61 Ill. 125; *Chicago* v. *Palmer,*
93 id. 125; *Railroad Co.* v. *McClintock,* 68 id. 296; *Beveridge*
v. *West Park Commissioners,* 100 id. 75; Mills on Eminent
Domain, sec. 175, and notes; *Appeal of the Borough of Verona,*
108 Pa. St. 83; *Railroad Co.* v. *Stenier,* 44 Ga. 546; *Shelton*
v. *Kalamazoo,* 24 Mich. 383; *Rex* v. *Railroad Co.* 3 Ry. Cas.
777; *Bailey* v. *Carrollton,* 28 La. Ann. 171.

Where contracts provide for payment only from a special
assessment, they are upheld as made; yet for any default or
unreasonable delay in collecting the special assessments, an
action will lie exactly as though the contract contained no such
stipulation. *Maher* v. *Chicago,* 38 Ill. 266; *Chicago* v. *People,*
56 id. 327; *Baldwin* v. *Oswego,* 41 N. Y. 132; *Lansing* v.
*Van Gordon,* 24 Mich. 456.

The right of payment where possession was taken, became a
vested right to payment, which can be destroyed in no way but
by actual payment. *Fletcher* v. *Peck,* 6 Cranch, 87; *University* v. *Foy,* 2 Hayn. (N. C.) 310; *Trustees* v. *Woodward,* 4
Wheat. 518; *Berry* v. *Randall,* 4 Metc. 292; *Brewer* v. *Otoe
County,* 1 Neb. 373; *Gibbs* v. *Railroad Co.* 13 S. C. (Shand.)
228; *Hubbard* v. *Brainard,* 35 Conn. 563.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This cause has been elaborately argued in behalf of plaintiff, but the view taken by this court can be shortly stated. A succinct account of the transactions, out of which the condemnation judgments arose upon which the action is brought, may be found in the opinion of this court in *The People* v. *Hyde Park*, 117 Ill. 462. It is in all essential features the same case, except this is an action of debt on the condemnation judgments, and the former case was a *mandamus* to compel the village to pay such judgments out of a fund to be raised by a general tax. Should the present judgment be permitted to stand, the village might be compelled to pay it out of a common fund, to be raised by a general tax upon the property situated within the limits of the village, as any other judgment. It is therefore plain, it is sought to do by this action that which it was decided in the former case could not be done at all,—*i. e.*, to compel the village to pay the condemnation judgments, or, what is the same thing, compel the village to levy a general tax on the property within the village for that specific purpose.

Counsel is in error in assuming the "action of *mandamus* was defeated on the technical ground * * * no proper demand to maintain *mandamus* had been made." Such was not the case. It was distinctly said that was one of the minor questions in the case, to which no great importance was attached. It is also error to suppose no other questions discussed and decided in that case are *res judicata*. The principal point made was, whether the village could be compelled to pay the condemnation judgments out of a common fund, to be raised by general taxation on all the property of the municipality, and it was held it could not be. Precisely the same argument was then made in favor of the relief demanded as is now made in support of the present judgment. It was then insisted, as is now done, the enabling ordinance under which the proceed-

ings were originally commenced, was repealed, and that by the act of the village in taking possession of the lands of plaintiff the condemnation judgments became absolute. It was ruled the enabling ordinance was not repealed by the ordinance of July 2, 1877, so far as the land between Forty-first and Forty-second streets is concerned, which is the land in controversy, and that decision is *res judicata*, and is not open for reconsideration in this case. The village board had declared, by ordinance, before anything was done, the entire cost of the proposed improvements should be paid for wholly by special assessments. It was within the legislative authority of the village to so declare, and its discretion in that regard could not be controlled by the courts. That mode of payment for the land proposed to be taken for public use was fixed and determined in advance, by ordinance, and while that ordinance remains in force, as it does, it excludes any other mode of payment. These questions were passed upon by this court in the former case, and it is not necessary to re-state the reasoning by which the conclusions were reached. It is sufficient that under the former decision the condemnation judgments can only be paid, if at all, by special assessment under the original ordinance, which is in force as to them. That being so, the Superior Court should have instructed the jury, as it was asked to do, there could, in law, be no recovery on such condemnation judgments.

The judgments of the Appellate and Superior Courts will be reversed, and the cause remanded to the Superior Court.

*Judgment reversed.*

Mr. JUSTICE SHELDON, dissenting.