## City of Peoria v. Fruin-Bambrick Construction Co.

1. ARBITRATORS—*When Decisions by, Are Not Binding.*—Where the parties to a construction contract agree upon a third party as an arbitrator, to settle all disputes between them as to the work and material, and that payments shall be made only upon his certificate, they are bound by his decision. But an exception to the rule is made where the work and material fulfill the requirements of the contract, and the dispute is merely captious, and the refusal of the arbitrator to certify is fraudulent or unreasonable.

2. JUDGMENTS—*Ordering Payment from a Particular Fund.*—Where a claim against a city is payable out of a particular fund, it is proper to render a judgment directing that the damages and costs recovered be

paid only out of money belonging to such fund in the hands of the city treasurer, or that may hereafter come into his hands.

3. Costs—*On Appeal Where Judgment is Modified.*—A court of appeal will not assess the costs of an appeal against the appellee on account of a mistake in the calculation of interest, where the attention of the trial court was not called to the mistake nor the appeal prosecuted on account of it.

**Assumpsit**, for work and material. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1896. Affirmed in part. Opinion filed December 9, 1896.

W. T. IRWIN, city attorney, for appellant; STEVENS, HORTON & ABBOTT, of counsel.

ARTHUR KEITHLEY, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $55,729.13, which appellee recovered against appellant, in an action of assumpsit brought to recover for work and material furnished in laying asphalt pavement on Perry street, in the city of Peoria.

The declaration contained only the common counts, and the only pleas filed were non-assumpsit and *nul tiel corporation*.

The first contention urged by appellant is, that there can be no recovery under the common counts, for the reason that the work was undertaken under a special contract which required certain acts to be performed by certain of the city authorities as a condition precedent to the right of recovery, and that those acts had not been performed.

The ordinance under which the pavement was laid provided for the payment to be made by special assessment according to the frontage of property upon the street; the division of the special assessment into seven annual installments; for the issuing of bonds in anticipation of the collection of the deferred installments; that samples of the pave-

ment mixture, used each day, should be furnished to the city engineer for inspection; that the work should be done to the satisfaction of the city engineer and commissioner of public works; that the estimates of the engineer, as approved by the commissioner, should be the account by which the amount of work done should be computed, and that work should not be paid for until accepted by the commissioner.

It was also provided that the material used should be equal in quality to the best Trinidad asphaltum obtainable from Pitch Lake, in the Island of Trinidad.

The contract was awarded to appellee on a bid of $1.85 per square yard as against a bid of $2.26 by the Warren-Scharf Company. After appellee had executed its bond for faithful performance and had done considerable work, the commissioner of public works on the 28th of August, 1894, notified appellee by letter that he had made an inspection of the asphaltum to be used by appellee, and that it did not fill the requirements of the contract. He notified it not to place any of the asphaltum in its factory or warehouse upon Perry street as part of the improvement, and that if it did so the work would not be accepted. Notwithstanding the notice, appellee went on with the work and completed the laying of the asphaltum. There was no supervision by the city engineer, no estimate of the work made at any time by him, and no acceptance of it by the commissioner of public works. It is conceded that where there is a special contract, the plaintiff may recover for work done and labor and material furnished under the common counts, if the contract has been fully performed by him, and nothing remains but for the defendant to pay the money. Such is not appellee's case however, it is insisted, because the contract required the work to be done under the supervision of the city engineer, and to the entire satisfaction of that officer and the commissioner, and that they should accept the whole work and so certify to the city council. By the terms of the contract, the commissioner was made the arbitrator, and he and the engineer, the judges of the material and character of the work, and as both parties were bound by their

judgment, which was to be manifest to appellant in the form of a certificate, the contention is that something further remained to be done than the payment of the money. It may be said in this connection, that appellant disputes the right of appellee to recover even if he had declared specially, for the reason that it went on with the work after being notified that the asphaltum furnished was not up to the standard required by the contract, and that it would not be accepted.

Where parties to a contract agree upon a third party as judge of the work and material furnished, and as an arbitrator to settle all disputes between them as to the work and material, and that payments shall be made only upon his certificate, they are bound by his decision. Although the work may have been entirely completed, the party doing it could not recover so long as there was an undecided dispute over the character of the work or material, and in the absence of a certificate from the arbitrator. An exception to that rule is made, however, in a case where the work and material fulfill the requirements of the contract and the dispute is merely captious, and the refusal of the arbitrator to certify is fraudulent and unreasonable. Fowler v. Denham, 83 Ill. 130; Michaelis v. Wolf et al., 136 Ill. 68; Arnold et al. v. Bournique, 144 Ill. 132.

It would render this opinion too lengthy to review the evidence in the record which leads us to the conclusion that the conduct of those officers who were selected to pass upon the work and make certificates was unreasonable and unfair. We content ourselves with saying that it was such as to bring appellee's case within the exception recognized by the above cited authorities. We are clearly of the opinion that if appellee furnished the character of work and material required by the contract it could recover under the common counts.

The evidence tended to show that the work and material were up to the requirements of the contract, and that the paving done under it by appellee was superior to that done on other streets in the city by a rival company using the best quality of Pitch Lake asphaltum. Whether appellee did an

City of Peoria v. Fruin-Bambrick Construction Co.

honest job and fulfilled the requirements of the contract as to the work and material was fairly presented to the jury and there is nothing in the evidence that would justify us in disturbing their finding.

The contention of appellant, that, as the contract provides for payment out of a special assessment fund to be collected by installment from owners of lots fronting Perry street, no judgment could be rendered until after the collection of the last installment, is unimportant, in view of the fact that at the time of trial there was to the credit of the improvement of Perry street made by appellee in the hands of the city treasurer $56,806.91, a sum in excess of the judgment. The judgment entered by the court provided, also, that the damages and cost recovered should be paid only out of money in the hands of the treasurer belonging to the fund and out of such money as might thereafter come into his hands belonging to such fund. The action of the court in rendering such a judgment is criticised, and his power to do so questioned, but we think his jurisdiction and authority to do so clear.

The verdict returned by the jury fixed the damages at $55,194.18. They evidently allowed interest, and we think rightfully. The court rendered judgment two months and seven days after the verdict was returned, and under section three, chapter seventy-four, Hurd's Revision of the Statutes, allowed interest upon the amount of the verdict for that time at the rate of five per cent. He made a mistake in computation of $21.33 however, and rendered judgment for $55,729.13 instead of for $55,707.80, the correct amount.

We make the correction here and affirm the judgment to amount of $55,707.80.

The attention of the trial court was not called to this mistake, this appeal was not prosecuted by reason of it, nor has our attention been called to it by counsel for appellant. We do not think it just, therefore, that appellee should be charged with any of the costs of this court, and order that all the costs of this court be taxed against appellant. Joseph Moore v. The People of the State of Illinois, 108 Ill. 484.

Judgment affirmed to the extent of $55,707.80.