## Maria L. Meeker v. The City of Chicago.

1. EMINENT DOMAIN—*A City May Abandon Proceedings in Condemnation.*—A city has the right to abandon proceedings in condemnation, and it is under no legal obligation to pay the compensation awarded unless it chooses to do so. But it can not lawfully take possession of the property, unless with the owner's consent, until it has paid the award.

2. SAME—*Property Taken Must be Paid for in Manner Provided by the Ordinance.*—Where an ordinance adopted by a city for the widening of a street provided that the cost of taking the property should be met by special assessment to the extent it might be legally assessed, the remainder only to be met by general taxation, the payment for the property taken can not be met in any other manner than that provided by the ordinance, and a judgment can not be entered against the city in assumpsit for the amount of the condemnation proceedings.

3. SAME—*Owner's Remedy Where the City Takes Possession Without Payment of Damages.*—A city has no right to the possession of property taken under condemnation proceedings until the damages have been paid, and if it takes possession before such payment the owner may bring ejectment or trespass, or both, and recover his property with such damages as he may have sustained by the unlawful taking, or he may proceed under Par. 169, Chap. 24, Rev. Stat.

Assumpsit.—Error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed June 28, 1901.

Statement.—Plaintiff in error brought her action of assumpsit in the Superior Court to recover the compensation fixed in a condemnation proceeding to be paid for certain lands of the said plaintiff sought to be taken or damaged by the city of Chicago for the purpose of widening Ontario avenue.

It appears from the declaration that the ordinance providing for the improvement required the cost of the taking to be paid by special assessment to the extent the property benefited might be legally assessed therefor, the remainder to be paid by general taxation; that such proceedings were had that March 9, 1892, the compensation to be paid said plaintiff was fixed at $2,475, which judgment is

still in force and unsatisfied; that thereupon the city took actual physical possession of the land with said plaintiff's assent, and has ever since continued in such possession; that January 2, 1900, an order was entered requiring the city to pay said judgment with an additional sum of $866.25 accrued interest, within ten days from the date of such order, but that said order has not been complied with and no part of the said judgment or interest has been paid.

The Superior Court sustained a general demurrer to the declaration and dismissed the suit at plaintiff's cost.

It is contended this finding and the judgment are erroneous.

A. B. Stratton, attorney for plaintiff in error; A. R. Urion, of counsel.

Charles M. Walker, corporation counsel, and W. M. Pindell, assistant, attorneys for defendant in error.

Mr. Justice Freeman delivered the opinion of the court.

The only question requiring consideration is whether an action of assumpsit can be maintained against the city of Chicago, defendant in error, to recover the amount awarded as compensation for land sought to be taken in the condemnation proceeding.

It has been repeatedly held that the city has the right to abandon the condemnation and the improvement. It is under no legal obligation to pay the compensation awarded unless it shall choose to do so. It can not, however, lawfully take possession of the property unless with the owner's consent, until it has so paid. City of Chicago v. Hayward, 176 Ill. 130 (134) and cases there cited. In the case before us, it appears that the city has taken possession of the property in controversy with the assent of the owner. It is urged that such taking possession creates an implied contract between the city and the owner that the city will pay the compensation awarded, and that to recover this compensation assumpsit will lie. It must be borne in mind, however, that the adoption of any mode of payment by the

city, whether by special taxation, by special assessment, by general taxation or out of general funds, excludes the right to raise the money for payment in any other manner than the one adopted by the ordinance. Village of Hyde Park v. Corwith, 122 Ill. 441 (446); People ex rel. v. Village of Hyde Park, 117 Ill. 462 (470). If, therefore, the city takes possession of the property with the owner's consent, the implied contract, if any, must be that it will pay the compensation awarded out of money to be raised in the manner provided by the ordinance, and in no other manner. It would have no power to enter into a formal agreement to pay with money to be raised in any other manner, and a contract can not be implied against it which would bind it to that which it has no power to do by direct agreement. The city can not acquire lands for street purposes by private purchase, and the owner's assent to the taking can not increase its powers in that respect, nor change the character of its obligation to such owner. The city can only acquire land for such purpose in the manner provided by the statute, viz., the passage of an ordinance and condemnation proceedings thereunder. The mode of payment provided by the ordinance must be strictly followed. But, if an action of assumpsit could be maintained, the city might be compelled to raise the money to pay a judgment recovered against it in such action in a mode not provided by the ordinance. Village of Hyde Park v. Corwith, 122 Ill. 441 (445). The ordinance in the present case provides that the cost of the taking should be met by special assessment to the extent the property benefited might be legally assessed therefor, the remainder only to be met by general taxation. It can not be met in any other manner.

The statute provides a remedy for the land owner where the city has taken possession of the property and not paid therefor. (Rev. Stat. Chap. 24, Par. 169.) In the present case the court entered an order in the original cause requiring the city to pay within a specified time the condemnation judgment, with interest from the time of taking, as the statute requires. The city has made default and upon appli-

cation in that original cause, which by the statute is con-
sidered as still pending, the court would doubtless, as the
statute further provides, " dismiss the proceedings, and
enter a several judgment in favor of such land owners for
interest from the day of taking, and direct the issue of a
writ of possession in favor of the several owners or their
legal representatives or grantees respectively." The pro-
ceedings may be dismissed notwithstanding possession has
been taken. The owner has also the right to bring eject-
ment or trespass, or both, and recover his property with such
damages as he may have sustained by the unlawful taking.
Chicago, St. L. & W. R. Co. v. Gates, 120 Ill. 86; City of
Chicago v. Hayward, *supra*, p. 135.

The judgment of the Superior Court must be affirmed.