## THE TOWN OF CICERO

*v.*

## F. A. HILL *et al.*

*Opinion filed December 18, 1901.*

SPECIAL ASSESSMENTS—*when a supplemental assessment cannot be levied—annexation.* If an assessment for street improvement has been made and confirmed, the amounts collected and the improvement completed some nine years before territory containing a part of the improvement is annexed to another municipality, the proceeding has been "carried to a finality," and a supplemental assessment cannot be levied, after annexation, to make up a deficiency in the original assessment, notwithstanding the provisions · of section 10 of the act of 1889, relating to annexation.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

This is a proceeding instituted by the appellant, the town of Cicero, for the levying of a supplemental assessment to provide means for completing the payments for the improvement of Washington boulevard, from Robinson avenue to Harlem avenue.

The petition was filed in the county court of Cook county on May 22, 1900. The ordinance providing for the supplemental assessment was passed by the board of trustees of said town on the 31st day of March, 1900. On May 23, 1900, commissioners were duly appointed by the court to make the assessment. The assessment roll was subsequently filed, as were also the proofs of notices having been posted, mailed and published. Before the time set for the asking of the confirmation of the assessment roll, objections thereto were filed by various parties, among which was the following: "That the petitioner, town of Cicero, has no power or authority to levy this supplemental assessment, for the reason that a portion of the property assessed and of the street improved is now within the city of Chicago."

Upon the hearing it was agreed between the objectors and the petitioner, by its attorney, that a portion (the east one mile) of the territory upon which it is sought to levy this supplemental assessment is now within the city of Chicago by reason of the annexation to the city of Chicago of that portion of the town of Cicero formerly known as Austin; that the annexation took place April 8, 1899, previous to the passage of the ordinance providing for this supplemental assessment; that the confirmation of the original assessment proceedings was had on February 3, 1890; that the original assessment was confirmed, the amounts collected, and there was no appeal, writ of error or annulment of any part or portion thereof; that the contract for the improvement was let and the work done some time in the year 1890, but that the character of the work done became a matter of dispute between the contractor and the town of Cicero, resulting in litigation, and therefore not finally determined for some years afterward. It was also agreed that the objections cover property in the annexed portion of Cicero and also property in the town of Cicero not annexed. The county court sustained said objection and dismissed the petition, and the town of Cicero now brings the record before this court on appeal for review.

George W. Woodbury, for appellant.

Gage & Deming, Mason & Noyes, Louis M. Greeley, Harvey M. Harper, Leigh H. Jackson, Errick Winter, Robert R. Jampolis, and Craft & Stevens, for appellees.

Mr. Justice Carter delivered the opinion of the court:

Appellees have assigned cross-errors, but from the views we entertain of the case it will not be necessary to consider them. The only question necessary to consider is, whether the town of Cicero had the power to

institute this proceeding for a supplemental assessment to pay a deficiency in a prior assessment levied to make the improvement in question.

The prior assessment, and the improvement for which it was levied, were made and completed in 1890. Afterward, in 1899, that part of the town formerly known as Austin, containing a part of said improvement and the territory assessed therefor,—that is, the east one mile of the same,—was annexed to the city of Chicago under the act of April 25, 1889, providing for the annexation of cities, incorporated towns, etc. Section 10 of that act provides: "When a part of a city, village or incorporated town is annexed to another city, village or incorporated town under the provisions of this act, and prior to such annexation proceedings had been instituted for the purpose of improving any streets within such detached portion by special assessment or special taxation, then in such case such proceedings may be carried to a finality, whether the whole improvement be within the detached portion or not. * * * If only a part of such improvement is to be made within the detached territory, then the city, village or incorporated town from which such territory is detached may proceed with the same as though such annexation had not taken place." (Hurd's Stat. 1899, chap. 24, p. 302.) Not only had the original proceedings for the improvement of Washington boulevard been instituted before the annexation of Austin to Chicago, but such proceedings had been "carried to a finality," and the assessment had been collected nine years before such annexation, and this supplemental proceeding was instituted by passing the ordinance and filing the petition a year after such annexation and more than ten years after the original assessment and the improvement had been made.

Without considering the questions of limitation raised by the cross-errors, we are satisfied the county court decided correctly in holding that the town of

Cicero had no power to institute this supplemental pro-
ceeding. It had lost jurisdiction over the portion of
the territory mentioned, by the annexation of that terri-
tory to the city of Chicago, and such jurisdiction is not
within the saving provision of said section 10. The "pro-
ceedings" "instituted," mentioned in that section, were
not the commencing of the improvement itself, but, as
the law then stood, were either the passing of the ordi-
nance or the filing of the petition in court, and for the
purposes of this case we regard it as unnecessary to de-
termine whether the proceedings for the improvement of
the street were "instituted" by the passing of the ordi-
nance or by the filing of the petition in court. Which-
ever of these constructions is given to the statute, the
proceedings instituted in 1890 were "carried to a finality"
before the annexation, whether the improvement had been
wholly paid for or not. Nothing more could have been
done under those proceedings. In order to institute a
supplemental proceeding it was necessary to pass a new
ordinance and to file a new petition, to appoint new com-
missioners, and to go through with all the formalities of
spreading the assessment, hearing objections, confirm-
ing assessments, etc., provided by the statute. Without
provision of the statute for that purpose a supplemental
proceeding could not be instituted, but it would hardly
be contended that the original proceedings could not be
"carried to a finality" without special provision of the
statute authorizing it.

If the legislature had intended to continue the juris-
diction of the town or village over the detached territory
until the improvement had been paid for and until all the
necessary or proper proceedings to provide for such pay-
ment had been taken and completed, it would not have
been difficult to so provide. To sustain this proceeding
would, in our opinion, not only violate the statute, but
would open the door to serious abuses. Had it appeared
to be necessary to institute this supplemental proceed-

ing, no reason is shown why it could not have been insti-tuted before the annexation. There was ample time and full knowledge of all questions affecting the necessity for it.

The judgment of the county court is right, and it will be affirmed.

*Judgment affirmed.*