## The Town of Cicero v. The People of the State of Illinois ex rel.

1. JUDGMENTS—*Power of Court to Make Them Payable out of a Special Fund.*—Where a contract makes a claim payable out of a special fund, the court has jurisdiction and authority to render a judgment directing that the same be paid out of moneys belonging to that particular fund.

2. SAME—*Conclusiveness of.*—The judgment of a court of competent jurisdiction directly upon the point is, as a plea, a bar, or as evidence conclusive between the same parties upon the same matter directly in question in another court.

3. SAME—*Record Includes the Terms of a Written Obligation Set Forth upon the Docket.*—When a judgment is recovered according to the terms and conditions of a written obligation for the payment of money, and those terms are set forth upon the docket, it must be held to be a part of the record of the judgment.

4. MANDAMUS—*Writ Not Issued in a Doubtful Case.*—The writ for mandamus is a high prerogative writ, to be awarded in the discretion of the court, but not in a doubtful case.

Mandamus.—Appeal from the Circuit Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed January 16, 1903.

This is a writ for mandamus to compel the town of Cicero to pay a judgment of $3,410.95, with interest and costs thereon recovered against it by the relators, Sackley and Peterson, on the 27th day of April, A. D. 1896.

The petition alleges that relators made a written demand for the payment of said judgment; that appellant (the town) responded that there was no money in the fund to pay this judgment; that a new supplemental assessment had been spread to meet this demand; and that when said supplemental assessment was confirmed by the court and collected, the judgment and interest would be paid. Petition further alleges that said judgment is a general judgment against said town, and payable out of the general fund of said town; or by means of a general tax, to be levied by said town; that said town has refused to pay said

judgment or to make an appropriation therefor, and include the same in the tax levied by said town for the year A. D. 1901, as requested by petitioners, in January, 1901, although on said last named date said town had, and ever since that time has had, money on hand more than sufficient to pay said judgment, and legally applicable thereto.

Petitioners then pray for a writ of mandamus to compel said town to pay said judgment and costs of this proceeding, and if it shall appear that said town has not funds legally applicable to the payment of said judgment, then that said town shall levy a tax for the payment of said judgment, etc.

To this petition the town filed a plea, which plea denied that said judgment was a general judgment against it; but averred that said judgment was obtained upon a contract made and entered into on the 11th day of June, A. D. 1890, by and between the town and petitioners, whereby the petitioners covenanted to do certain work therein specified for the improvement of Washington Boulevard, and the parties thereto agreed that said improvement should be paid for from special assessment, and also from the general fund of said town, so far as the same has been or may be assessed for its equitable proportion of the estimated cost of said improvement, and the petitioners agree to make no claim against said town under said contract, unless the assessment shall be declared illegal or be unreasonably delayed.

The plea further avers that the equitable proportion of the cost of said improvement assessed against the town has been paid; that a special assessment was levied upon the property benefited, but was not sufficient to pay in full for said improvement; that the town has begun proceedings for the levying of a supplemental assessment.

To this plea petitioners filed a demurrer. Thereupon an order was entered sustaining the demurrer, and the said defendant electing to stand by his plea, the court found that said petition was true; that the said town then had in its treasury a cash surplus arising from the taxes for the fiscal year ending February 28, 1900, legally applicable to

the payment of said judgment, and it thereupon ordered
that a peremptory writ of mandamus issue against the said
town and certain of its officers, commanding them immedi-
ately to pay to the petitioners their said judgment, and
interest thereon from the date of its rendition, and costs of
court.

GEORGE W. WOODBURY, attorney for appellant.

JOHN LEWIS, attorney for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

Appellant claims that the judgment in favor of petition-
ers was recovered on a contract for a local improvement
payable out of special assessments; that there is no money
in the special fund and that therefore mandamus will not
lie.    The record in this case shows that the judgment in
question is a general judgment and does not appear to be
a judgment payable out of a special fund.

If appellant's claim is good, that the work done by peti-
tioners should be paid out of a special fund, diligence on its
part at the time final judgment was entered required that
it should have moved the court to have incorporated in said
order that said judgment be paid out of a special fund.    If
justice demanded, the court had power to have protected
the interests of the town by the entry of a judgment, mak-
ing the same payable out of a special fund.    Where a con-
tract makes a claim payable out of a special fund, the court
has jurisdiction and authority to render a judgment direct-
ing that the same be paid out of moneys belonging to that
particular fund.    If the town had so elected and the facts
justified, the court could have entered a judgment directing
that the judgment of petitioners be paid out of the moneys
collected from a special assessment.    City of Peoria v.
Fruin-Bambrick C. Co., 68 Ill. App. 277.

The following cases—Peake v. New Orleans, 139 U. S.
342, and Belford v. Woodward, 158 Ill. 122, hold that a
judgment may specify the fund from which it is to be paid.

In the absence of such provision in the judgment order

Town of Cicero v. The People.

it may be fairly assumed that an absolute and general judgment was satisfactory to defendant.   It can not be said, from anything appearing in the record and evidence before the Appellate Court, that a general judgment was not entirely proper.   We can not say that because the services recovered for, were for an improvement provided for by an ordinance of the town, that it may not have appeared perfectly proper to the court and satisfactory to the parties that a general judgment be entered, or it may have appeared to the court that the town preferred a general judgment to a special judgment, or it may have appeared to the court that the town through its negligence in collecting the moneys for said work had become liable therefor, or because of its willful or negligent action had prevented the possibility of the collection of the judgment from special assessment; and against some of these emergencies the contract protected petitioners.   Maher v. Chicago, 38 Ill. 267.

But speculation can not be indulged in with respect to the reason or reasons moving the court to enter a general and absolute judgment instead of a judgment made payable out of a special fund.   It is now too late in this form of action to inquire into the consideration and conditions that led up to the judgment.

In Allen v. Haley, 169 Ill. 532, it is said that " the judgment in the original case is conclusive.   The rule stated by Chief Justice De Grey, as to conclusiveness of judgments, is, that the judgment of a court of competent jurisdiction directly upon the point is, as a plea, a bar, or as evidence conclusive between the same parties upon the same matter directly in question in another court." This language, from being constantly quoted with approbation, has acquired almost the force of a statute, not only in reference to matters actually litigated, but as to all other matters properly involved, and which parties might have raised and had determined in the same cause.   The following authorities sustain the same doctrine :   Litch v. Clinch, 136 Ill. 410; Bailey v. Bailey, 115 Ill. 551; Harmon v. Auditor, 123 Ill. 122.

In support of his contention that the judgment can not

in law be an absolute and general judgment because the services of petitioners were rendered under contract for a street improvement provided for by an ordinance, counsel for the town refers to the statute relating thereto, and also to certain decisions of the Supreme Court of this state.

If the action for recovery of judgment for such services were pending before us, the law and decisions referred to would be relevant; but no appeal or writ of error was prosecuted from that judgment and no collateral attack can be made upon it. In the case of People v. Village of Hyde Park, 117 Ill. 462, a petition for a writ of mandamus was filed, praying that the village be required, among other things, to levy a general tax to pay judgments recovered in condemnation proceedings.

In that case it appears that judgments had been obtained in condemnation proceedings, and subsequent thereto the proceedings had been abandoned by the village as to some of the property and a writ of mandamus prayed to enforce the collection of these judgments. The court refused on the grounds that these so-called judgments could only be paid out of a fund arising from special assessment. It will be observed that the judgment in condemnation proceedings is only a conditional judgment. The proceedings were simply for the purpose of ascertaining and fixing judicially an amount which the village should pay as just compensation in order to be entitled to take the property for public use as a street. The judgment in such case should simply be, and doubtless was, in substance, an adjudication that the amount was a just compensation to be paid by the city for the taking of the property sought to be condemned.

In City of Bloomington v. Miller, 84 Ill. 621, it is said :

" A judgment in condemnation proceedings that the owner of the property shall unconditionally recover any given amount of the city is wrong. The city has a right to abandon the improvement. This proceeding merely fixed the amount to be paid before the property can lawfully be taken."

Hyde Park v. Nathan Corwith, 122 Ill. 441, is in all essential features the same case as the one last noticed, and

the statement is made that the condemnation judgments can only be paid, if at all, by special assessment under the original ordinance, which is in force as to them. Such is the nature of the conditional order fixing compensation for taking property in condemnation proceedings, that the entire proceedings, including the ordinance, the source of power and authority for instituting the action, are a part of such order, and to these and all parts thereof must the property owners look for their compensation.

In the case of Hyde Park v. Thatcher, 13 Ill. App. 613, the court say that when it is sought to coerce a municipal corporation into the doing of an act, the party applying must show not only a clear legal right to have the thing done, but he must show affirmatively that the corporation has the power and that it is its duty to do the act in the same manner sought. Again it is to be stated that the court there refers to a conditional judgment in condemnation proceedings, and it was there sought to coerce the village into paying these conditional judgments out of funds other than those specified by the law. The law relating thereto is interwoven into, and a part of condemnation proceedings.

Dolese v. McDougall, 78 Ill. App. 629, simply holds that money due contractors for making improvements may be assigned, and that all persons making contracts with a city, and who agree to be paid from special assessments, have no claim or lien except upon the special assessment fund collected for the work, and that when an ordinance provides for the making of a local improvement it must prescribe whether the sum shall be made by a special assessment or otherwise.

Again we say that the judgment in the case at bar is an absolute, unconditional and general judgment.

Black on Judgments, section 119, says:

" When a judgment is recovered according to the terms and conditions of a written obligation for the payment of money and those terms are set forth upon the docket, it must be held to be a part of the record of the judgment."

The writ of mandamus is a high prerogative writ to be

awarded in the discretion of the court, but not in a doubtful case.   People v. McConnell, 146 Ill. 532;  Swift v. Klein, 163 Ill. 269.

Appellant insists that in making the improvement in question, the town complied with the law, and that it is unjust to require the town to pay the same out of a general fund.   But even if we had the right to go behind the absolute judgment, we believe that the contention of appellant would be found to be inequitable.   The judgment was rendered under a contract of June 11, 1890, and its payment has been persistently and vigorously resisted in the various courts of the state, and now the town insists that the judgment creditor should not be paid until money is realized therefor from a special assessment.

In answer to the petition filed in this case, appellant says that it is exercising all diligence to collect the money through a supplemental assessment, to pay the same.   However, the Supreme Court has just declared in the matter of this very supplemental assessment (Town of Cicero v. Hill, 193 Ill. 226):

" In order to institute a supplemental proceeding (if one could be instituted) it is necessary to pass a new ordinance and to file a new petition, to appoint new commissioners, and to go through with all formalities of spreading the assessment, etc.   To sustain this proceeding would, in our opinion," continues the court, "not only violate the statute, but would open the door to serious abuses.   Had it appeared to be necessary to institute this supplemental proceeding, no reason is shown why it could not have been instituted before the annexation.   There was ample time and full knowledge of all questions affecting the necessity for it."

In this decision may be found an equitable basis for the absolute judgment at law entered against the town.

The judgment of the Circuit Court for a writ of mandamus is affirmed.