**Harry S. Mecartney, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 14,361.**

1. PLEADINGS—*to what time relate.* The pleadings in an action at law relate to the commencement of the action, the same as if all were filed at that time, and the rights of the parties are to be de-

termined by the state of facts as they existed at the time the action was commenced.

2. ORDINANCES—*providing for taking of land for street purposes and for payment therefor construed.* An ordinance which provides for the taking of land for the purpose of opening a street and for payment therefor excludes any other method of payment, and if such payment is provided to be in part by property owners benefited, recovery cannot be had of the municipality in an action of assumpsit for the entire cost of such land.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded with directions. Opinion filed October 7, 1909. Rehearing denied October 21, 1909.

**Statement by the Court.** Appellee as plaintiff brought assumpsit in the Circuit Court against appellant as defendant, November 21, 1895, to recover the amount of an award and judgment in a proceeding to ascertain the just compensation of the plaintiff on certain real estate which was taken by defendant for the purposes of a public street. Plaintiff filed an amended declaration June 27, 1907, consisting of four counts. The first count of the amended declaration was amended October 5, 1907, and the fourth count was withdrawn by the plaintiff. The court overruled the demurrer of the defendant to the amended declaration, as amended, and the defendant electing to abide, a jury was called to assess plaintiff's damages, and assessed the same at $5650.29. From a judgment for that amount the defendant prosecutes this appeal.

The first count of the amended declaration as amended alleged that August 28, 1893, an ordinance was passed by the city council of the city of Chicago to condemn for street purposes the strip of land therein described; that said Harry S. Mecartney at that time was the owner in fee thereof; that said ordinance provided that the cost of said improvement should be paid for by a special assessment levied upon property benefited thereby to the amount that the same might be legally assessed, the remainder of such cost to be paid by general taxation; that on the 29th day

of August, 1893, the city of Chicago filed its petition in the Circuit Court of Cook county for the purpose of ascertaining the just compensation to be awarded for taking and damaging said land; that on the 26th day of October, 1894, a trial was regularly had in said proceeding and a verdict rendered in favor of the owner of said property for the sum of $4,162.50, upon which verdict judgment was rendered, and that said judgment has continued in full force and effect since that time; that after the passage of said condemnation ordinance and the filing of said petition, to wit: on the 1st day of September, 1893, said city of Chicago took actual possession of said strip of land with the consent of the owner thereof, and improved the same with pavement and sewer, water pipes, etc.; that said strip of land has since been used as a public street; that on the 4th day of December, 1894, the city of Chicago filed its supplemental petition praying for the appointment of commissioners to make a special assessment on the property benefited by said improvement; that said commissioners were thereupon appointed and an assessment roll was thereafter regularly filed; that thereafter from time to time the city of Chicago took further steps in said proceeding but failed to prosecute the same with reasonable diligence, and failed to collect said assessment, but did, on the contrary, abandon said proceeding and has taken no steps whatever in said proceeding for many years last past, to wit, more than four years; that the strip of land was reasonably worth $4,162.50, and that said city of Chicago became liable to pay said sum upon request, and though often requested to pay the same, did refuse so to do. The second count alleged that appellee was the owner in fee simple of the land heretofore described, and that the city of Chicago, on the 1st day of September, 1893, entered upon said land and appropriated it for the purposes of a public street, and that it improved the same with pavement, water mains, etc., and that said strip of land has remained since said date in the exclusive possession of the city

of Chicago; that said land so appropriated was of the value of $4,162.50, and that the said city of Chicago did, in consideration thereof, promise to pay said sum on request of appellee, and that defendant, though often requested so to do, has refused to pay the same. The third count alleged substantially the same matters set forth in the second count; and, further, that on the 26th day of October, 1894, appellee and the city of Chicago had an accounting as to the value of said strip of land appropriated on the 1st day of September, 1893; and that said accounting fixed the value of said land at $4,162.50; that said city of Chicago promised to pay this sum on request to the appellee, and though often requested has refused so to do.

GEORGE A. MASON, FRANK JOHNSON, JR., and EDGAR R. HART, for appellant; EDWARD J. BRUNDAGE, of counsel.

OLIVER & MECARTNEY and ENOCH J. PRICE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The ordinance in this case provided that the cost of the improvement should be paid by special assessment to the extent that property legally benefited thereby could be legally assessed, and that the remainder of such cost should be paid by general taxation.

The ordinance in People ex rel. v. Hyde Park, 117 Ill. 462, and Hyde Park v. Corwith, 122 *id*. 441, provided that the entire cost of the improvement should be paid by special assessment. In each case the municipality, after the filing of the petition in the condemnation proceeding, took possession of the property. In the case first cited a *mandamus* to compel the municipality to pay the condemnation judgment was refused. The ground on which such refusal was based was stated in the opinion, p. 469, as follows:

"No street can be opened except under enabling ordinances and without such ordinance there can be no condemnation of property for public use by a city or village. There is and can be no doubt the mode of making payments for local improvements is within the discretion of the municipal authorities and that discretion is not subject to the control of the courts. Such improvements may be paid for in any mode provided by law, either out of the general fund, by special taxation, or special assessment, and the adoption of either mode excludes the idea of payment in any other way."

The case was followed in Hyde Park v. Corwith, *supra,* where a judgment in debt on a condemnation judgment was reversed.

The mode of payment for the land to be taken for a street was fixed in advance by ordinance in this case as clearly and definitely as it was in the ordinances in the Hyde Park cases. We are unable to perceive any legal ground on which it can be held that the ordinance in the Hyde Park cases excluded any other mode of payment for the land taken than that provided in such ordinance, and that the ordinance in this case does not exclude any other mode of payment for the land taken than that provided in such ordinance. If the judgment is affirmed, the defendant will be compelled to pay, not the remainder of the cost of the land taken, left after assessing property benefited to the extent to which such property may legally be assessed, as the ordinance provides, but the entire cost of the land taken. We regard the decisions in the Hyde Park cases as controlling the decision in this case. They were held controlling in Meeker v. Chicago, 96 Ill. App. 23, where a judgment sustaining a demurrer to a declaration, in substance the same as the first count of the declaration in this case, was affirmed.

The first count of the amended declaration alleges that the condemnation judgment was entered October 26, 1894, and the supplemental petition filed December 4, 1894. This action was begun November 21, 1895,

within thirteen months of the date of the condemnation judgment. The amendment to the amended first count of the declaration filed October 5, 1907, alleges that December 4, 1894, "defendant filed in said condemnation proceeding a supplemental petition praying for the appointment of commissioners to make a special assessment upon the property benefited by said improvement, and said commissioners were appointed and an assessment roll was made by them; and thereafter, from time to time, defendant took various steps in said proceedings, but failed to prosecute the same with reasonable diligence and to collect the same; but on the contrary has abandoned the said proceedings, and has taken no steps whatever in such proceedings, for many years last past, to-wit, for more than four years last past."

All the pleadings in an action at law relate to the commencement of the action, the same as if all were filed at that time, and the rights of the parties are to be determined by the state of facts as they existed at the time the action was commenced. The first count as amended does not allege that the special assessment proceedings were abandoned before this action was begun, but alleges that they were abandoned after the action was begun.

If, however, the amended first count can be construed to aver that the special assessment proceedings were abandoned before this action was commenced, the count would still be fatally defective. The ordinance providing for the taking of plaintiff's land must, under the allegations of the count, be held to be still in force, and while that ordinance remains in force it excludes any other mode of payment for the land taken than that provided by the ordinance. People ex rel. v. Hyde Park, *supra*.

No count of the amended declaration, in our opinion, states a cause of action against the defendant, and the judgment of the Circuit Court will be reversed and the cause remanded, with directions to sustain the demurrer to the amended declaration.

*Reversed and remanded with directions.*